# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          NO. 2:11-CR-2514 WJ

JORGE OMAR DORANTES GARCIA,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S AFFIRMATIVE DEFENSES OF PUBLIC AUTHORITY AND ENTRAPMENT BY ESTOPPEL

THIS MATTER comes before the Court on Defendant's Notice of Affirmative Defenses **(doc. 25)** filed October 18, 2011.  Defendant filed his Notice in response to the Government's Motion Requesting Notice of the Defense of Public Authority (doc. 21).  Defendent requests that he be authorized by the Court to raise the affirmative defenses of "public authority" and "entrapment by estoppel."  The Court finds that Defendant's request is not well taken, and is therefore DENIED.

Defendant Jorge Omar Dorantes-Gacria was a material witness in *United States v. Madrid-Chairez*, 11 CR 1011 which case was filed in the District of New Mexico.  The defendant in 11 CR 1011 plead guilty before a U.S. Magistrate Judge on June 8, 2011.  While a motion to release Defendant should have been filed at that time it was not.  Defendant was deported from the country on July 19, 2011; nevertheless an arrest warrant was issued for his apparent failure to comply with the conditions of his probation.

Defendant was apprehended at the U.S. border on July 29, 2011, using a fraudulent visa

to attempt to reenter the country.  Defendant alleges that he attempted to reenter the country in order to comply with the terms of his probation by testifying as he had been ordered to do.  Defendant now seeks to assert the affirmative defenses of Public Authority and Entrapment by Estoppel.

## Legal Standard

A criminal defendant can be entitled to an instruction on his theory of defense provided that theory is supported by some evidence and the law.  *United States v. Beckstron*, 647 F.3d 1012, 1016 (10 Cir. 2011).  In reviewing whether a proffer was sufficient to establish an affirmative defense, the Tenth Circuit respects the trial judge's role as gatekeeper and thus reviews "the denial of a duress defense for abuse of discretion."  *Id*.

In the Tenth Circuit, the "public authority defense" requires a defendant to show that he was engaged by a government official to participate in a covert activity.  *United States v. Apperson*, 441 F.3d 1162, 1204 (10th Cir. 2006) (affirming conviction of a defendant charged with conspiracy and possession with intent to distribute LSD).

Entrapment by estoppel is an affirmative defense that is rarely available.  *United States v. Theunick*, 651 F.3d 578, 589 (6th Cir. 2011) (affirming defendant's conviction and holding that a defense of entrapment by estoppel instruction was not warranted).  Determining whether the government is estopped from a prosecution is generally a mixed issue of law and fact.  *United States v. Hardridge*, 379 F.3d 1188, 1192 (10th Cir. 2004). To be entitled to raise the defense of entrapment by estoppel in this circuit there must be an active misleading by a government agent, and "actual reliance by the defendant which was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation."  *Id*.  The government agent who is alleged to have provided the misinformation must be one who is

responsible for interpreting, administering, or enforcing the law defining the offense. *Id*.; see also *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1166 (10th Cir. 1999) ("It is fundamental that the United States is not estopped by representations made by an agent without authority to bind the government in a transaction.")

## Discussion

In this case, Defendant argues that he was place onto the horns of a dilemma by the Government; on the one hand testifying at trial was a condition of his probation, and failure to comply with that condition could affect his future ability to be in the United States. On the other hand he had been removed from the country, and did not have a legal way to return.

The Court does not make light of the difficult situation in which Defendant found himself. Nevertheless, being placed in a difficult situation does not accord one the right to assert whatever affirmative defenses one chooses. No one told Defendant that it would be legal for him to reenter the country with false identification, nor did anyone encourage him to do so. He chose to do so, in order to satisfy the conditions of his probation. If the conditions of his probation had involved paying certain fees, and Defendant had lost all of his money through no fault of his own, the need to pay those fees would not accord Defendant the defenses of public authority and entrapment by estoppel if Defendant had gone out and robbed a bank in order to pay them. Defendant may not assert these defenses to subsequent illegal acts which he underwent on his own and without permission or encouragement, even though in his mind those illegal acts were the only ways he could comply with separate requirements put on him by the government. Defendant should perhaps be accorded sympathy for the difficult situation into which he was placed; but Defendant cannot be accorded the affirmative defenses he requests, for he has shown the Court no legitimate bases in the facts of the case upon which those affirmative

defenses might rest.  No public official engaged Defendant to reenter the United States with false identification; neither was there any affirmative representation by a government agent that it would be legal for him to reenter the United States using false identification.  Therefore, Defendant's request that he be accorded the affirmative defenses of public authority and entrapment by estoppel is DENIED.

    **SO ORDERED**.

    _____
    UNITED STATES DISTRICT JUDGE